Womack *vs.* Greenwood and Pullen.

No. 42.—SHERWOOD R. WOMACK, plaintiff in error, *vs.* THOMAS
 B. GREENWOOD, executor, &c. and WILLIAM A. PULLEN, ad-
 ministrator, &c. defendants.

[1.] Where a testator, by his will, directs a sale of his real and personal es-
 tate, for the payment of his debts, and after payment thereof the residue
 of his estate to be equally divided between his wife and children, the chil-
 dren to receive their shares as they successively attained the age of twenty-
 one years : *Held*, that the legacies of the children vested in possession, on
 their arriving at the age of twenty-one years respectively; and that the
 executor was liable to account therefor, notwithstanding there was no allega-
 tion in the bill that the debts had been paid; as it was charged a sufficient
 time had elapsed for that purpose, and that the sales of the testator's property
 had not been accounted for by the executor.

[2.] An administrator may be made a party to an injunction bill, for the pur-
 pose of enjoining him from interfering with a legacy in the hands of an ex-
 ecutor, to which his intestate had no title, before the expiration of twelve
 months from the date of his qualification, there being no claim made against
 him in the bill, for any *matter* or *cause of action against his intestate*, in his life-
 time.

In Equity, in Troup Superior Court.   Decision on demurrer,
by Judge HILL, November Term, 1848.

Sherwood R. Womack filed his bill, returnable to the Superior
Court of Troup County, alleging, that in the year 18—, Collin
Rogers of said County, died intestate, leaving Thomas B. Green-
wood and another, his executors, Greenwood alone qualifying; that
by the 4th clause of his will, he provided, that " such provision be
made for the support and comfort of my surviving wife and chil-
dren, viz : Sarah L. Rogers, Henry A. Rogers and Lucretia Jane
Rogers, as my executors shall deem necessary, and in conformity
with their best interest, until all my just debts be paid; and after
the payment of these debts, the residue of my property be divided
into three equal portions, and appropriated to the use and benefit
of the above named legatees, so soon as my children, Henry A.
Rogers and Lucretia Jane Rogers, shall successively attain the
age of majority."

That Greenwood took possession of said estate, amounting to
$50,000, or other large sum, and has caused to be sold, all the
real estate and personal property of the testator, except twenty-

six negroes, amounting in value to $25,000, and has received from the rents of the real estate and hire of the negroes, the sum of $5,000, or other large sum of money, and has made no returns thereof to any Court.

That on 5th Jan. 1848, Henry A. Rogers, being then of age, by deed, transferred and assigned to complainant his undivided interest in the following negroes, belonging to the estate of said Collin: George, Gift, Beverly, Peggy and her eight children, Elendor and her four children, Mariah and her two children, Nancy and her four children, and Enoch a boy, together with their future increase; that shortly thereafter, said Henry A. Rogers died, and William A. Pullen applied for and obtained letters of administration on his estate.

The bill charged that said Pullen was endeavoring to obtain possession from said Greenwood, of the said undivided interest; that as assignee he has frequently applied to said Greenwood and Pullen not to interfere or intermeddle, in any manner whatever, with said interest, and requested a settlement and division.

The bill prayed that Greenwood might be decreed to account for the said undivided interest, and to distribute and turn over to complainant, the share of said Henry A. Rogers, in said negroes, together with the increase and hire. Also, an injunction to restrain Pullen from proceeding to recover said interest in said negroes.

To this bill the defendants filed a general demurrer, for want of equity.

Upon the hearing of which, the Court sustained the demurrer, and dismissed the bill.

And this decision is assigned as error.

JOHN L. STEPHENS, for plaintiff in error.

O. A. BULL, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The error assigned to the judgment of the Court below is, the sustaining the demurrer to the complainant's bill, and dismissing it.

The testator, by the second clause of his will, directs that all

his real estate and perishable property, be sold, so soon as his executors shall deem prudent, for the payment of his debts.

By the third clause in his will, the testator provides, that his negro property be either hired out or sold, so far as may be sufficient for the payment of his debts, and the residue appropriated for the benefit of his family, according to the discretion of his executor.

The fourth clause of the will provides for the support of the testator's family, until all his just debts be paid, as his executors shall deem necessary, or in conformity to their best interest ; and after the payment of his debts, the residue of his estate to be equally divided between his wife, Sarah L. Rogers, and his two children, Henry A. Rogers and Lucretia Jane Rogers—the distribution to be made to his children when they *successively* arrived at the age of majority—the distribution to be made to the testator's widow, whenever, in the opinion of his executors, the interest of his estate would justify it. The construction which we give to this will is, that the testator intended that his real estate and perishable property should first be sold for the payment of his debts, and if that was not sufficient, the hire of the negroes was to be appropriated for that purpose, or that a sufficient number of the negroes might be sold for the payment of his debts. After the payment of his debts, his property was to be equally divided between his wife and children—the latter to receive their respective shares, when they attained the age of twenty-one years.

The testator evidently contemplated that his executors would sell the property and pay the debts, within the usual time allowed by law for that purpose, or in any event, that the debts would be paid before either of his children should attain the age of twenty-one years, for then he directs they shall receive their respective shares of his estate. He did not intend the vesting of the legacies to his children, in possession, should depend upon the action of his executors in paying the debts, for then their right to the possession of their respective shares, would depend on the *will of the executors*, rather than the will of the testator. From the allegations in the complainant's bill, the legal presumption is, that the executor has paid the debts, or has in his hands sufficient for that purpose, and of which he has made no proper account.

The complainant charges, that the executor has sold all the real

estate and personal property of the testator, except twenty-six negroes, amounting in value to the sum of twenty-five thousand dollars, of which he has made no proper return to any Court; and has also received from the hire of the negroes and the rents of the real estate, the sum of five thousand dollars. By the Act of 1792, executors are allowed twelve months, from the probate of the will, to ascertain the debts due to and from their testator. *Prince*, 229. By the 4th section of the Act of 1810, executors are required to render a full and correct account of the condition of the estate in their hands, to the Court of Ordinary, once in each and every year, on oath. *Prince*, 240. According to the case made by the complainant's bill, more than two years and a half have elapsed since the probate of the will and qualification of the executor, and no returns have been made by the executor of the appropriation of the proceeds of the sale of the testator's property, and he is charged to have the same in his hands. One of the legatees, Henry A. Rogers, it is alleged, arrived at the age of twenty-one years, and assigned his interest to the complainant in the testator's estate, and afterwards died intestate. William A. Pullen took out administration on his estate, and as the complainant charges, is endeavoring to reduce into his possession the legacy of Henry A. Rogers, now in the hands of the executor, and which was assigned to the complainant by said Henry A. Rogers, in his life-time.

[2.] The prayer of the bill is, that Pullen, as the administrator of Henry A. Rogers, may be enjoined from recovering said legacy from the executor, and he is made a party to the bill for that purpose only. As twelve months had not expired, from the time of the qualification of Pullen, as administrator, to the time of filing the complainant's bill, it is objected that he cannot be made a party until after the expiration of twelve months from the date of his qualification as such administrator. By the 12th section of the Judiciary Act of 1799, it is declared—" No suit or action shall be issued against any executor or administrator, for any *matter* or *cause* against the *testator* or *intestate* of such executor or administrator, in any of the said Courts, until the expiration of twelve months after probate of the will of such testator, or letters of administration granted on the estate of such intestate." *Prince*, 422. The complainant's bill is not filed against Pullen for any *matter* or *cause of action* which existed against his intestate in his

life-time. It does not seek to recover anything from him, as the representative of his intestate, but simply to enjoin him from interfering with that which it is apparent from the complainant's bill and exhibits thereto attached, he has *no title* in right of his intestate. He is not sued for any *debt, demand, matter* or *cause of action* which existed against his *intestate* in his life-time, and in our judgment, was properly made a party to the bill. For the reasons already stated, we are of the opinion that the complainant has stated upon the record a *prima facie* case, which entitles him to a discovery and relief from the executor, as the assignee of Henry A. Rogers, one of the legatees under the will of Collin Rogers, the testator, for his share of the legacy, and that the demurrer ought not to have been sustained.

Let the judgment of the Court below be reversed.