## LANFAIR *v.* THOMPSON.

112 487
f 118 513

1. The petition set forth a cause of action as against a general demurrer, and was not subject to any of the objections made in the special demurrer.
2. A suit brought against an administrator for the purpose of cancelling a deed made to his intestate is not " a suit to recover a debt due by the decedent," and consequently may be brought before the expiration of twelve months from the qualification of the administrator.

Argued December 8, — Decided December 20, 1900.

Equitable petition. Before Judge Smith. Pulaski superior court. August term, 1900. ;

*W. L. Grice & Sons,* for plaintiff.　*J. H. Martin,* for defendant.

COBB, J. Nancy Lanfair brought her petition in the superior court, alleging, in substance, the following facts: On January 23, 1896, she was the owner of a house and lot and certain live stock

and household and kitchen furniture, all of the aggregate value of $750. She was seventy-two years of age, uneducated, quite feeble in body and mind, requiring constant care and attention, which were given to her by her two daughters, who resided upon the lot with her. She had two sons, one of whom, William A. Lanfair, contributed materially to her support, and the other, James J. Lanfair, on account of having a family of his own, was not in a position to contribute so largely to her support as her two daughters and the other son. On the day above mentioned her son, James J. Lanfair, in the absence of her other children and without their knowledge or consent, persuaded and induced her, in her feeble and dependent condition, to execute and deliver to him a deed to the house and lot and all of her personal property except one bed. Upon the execution of this deed she was left without any property and without the means of support, except the promise of support and maintenance contained in the deed, a copy of which is attached to the petition. The consideration of the deed was "not merely the monied value of petitioner's maintenance and support expressed in the deed, but it included the personal care, advice, and attention of her said son, which he promised to give her." It is alleged that in obtaining the deed her son took advantage of her confidence in him and the fact that she was not capable of understanding its terms and effect, knowing her disability, and without giving her an opportunity to consult her other relatives or friends. Petitioner does not allege that her son intended at the time to violate his agreement, but the fact is he did not support her after obtaining the deed. He supplied her with some of the comforts of life, but the main burden of her support fell upon her other children and relatives. After her son had obtained the deed he sold and otherwise converted to his own use all the personal property, and also cut and sold from the place a large quantity of wood. The property so disposed of was more than sufficient in value to pay him for what he contributed to her support after he obtained the deed. James J. Lanfair died on May 8, 1899, intestate, without providing for the support and maintenance of petitioner. Morgan Thompson is his duly appointed administrator, but he has never furnished her with anything for her support, and she is now cared for by her children and other relatives. The administrator has obtained leave to sell the land, and has had the same advertised for sale, "charged

with the support and maintenance of the said Nancy Lanfair, for and during her natural life." It is alleged that the administrator has no right to charge this real estate with petitioner's support, and that if sold, the purchaser would get a title freed from any such charge. It is further alleged that the contemplated sale would.be illegal, because petitioner is in adverse possession of the property. The prayers of the petition were, that the sale be perpetually enjoined, that the deed be delivered up and cancelled, and for general relief. Attached to the petition as an exhibit was the deed referred to therein, the same being in form an ordinary warranty deed, except that the consideration was stated in the following language: "for and in consideration of the sum of the support and maintenance of Mrs. Nancy Lanfair during her natural life   dollars," etc.

At the trial term the defendant filed a demurrer to the petition, upon the following grounds: (1) There is no equity in the petition. (2) The petition shows on its face that the suit has been prematurely brought, James J. Lanfair having died on May 8, 1899, and the suit filed December 23, 1899. (3) The plaintiff has an ample remedy at law. (4) "Plaintiff is estopped, having waited near four years before taking any action, and until after the death of James J. Lanfair." When the case came on for trial, the plaintiff offered an amendment alleging that the land had not been sold by the administrator, and that since the petition had been filed it had been ascertained that the estate of James J. Lanfair was insolvent, and plaintiff now claims no money verdict from the defendant, but simply prays for cancellation of the deed and restoration of the land, and for injunction. The defendant objected to this amendment, for various reasons, and the court stated that he would hear the demurrer to the petition and pass upon it and the amendment at the same time. After argument on the demurrer and the proposed amendment, the court refused to allow the amendment, and passed an order sustaining the demurrer and dismissing the case; and to these rulings the plaintiff excepted.

1. There was equity in the petition. If what is stated therein is true, the deed was obtained from the plaintiff as a result of a gross fraud perpetrated upon her, and for this reason the petition was not subject to a general demurrer. Upon a careful examination of the petition, we find no facts alleged which would in any way estop the plaintiff from seeking to have the deed set aside on

i

account of the fraud alleged to have been perpetrated upon her. That the plaintiff has delayed bringing her suit until after the death of the grantee will not alone be sufficient to raise an estoppel, and as this delay was for a shorter period than the statute of limitations applicable to such cases, the lapse of time would not have the effect of preventing the plaintiff from asserting her rights. As the court had refused to grant an injunction, and as the case was disposed of on demurrer at the trial term, the ground of demurrer that the plaintiff had an adequate remedy at law was not well taken. The extraordinary remedy having been refused, the sole question was whether the petition set forth a cause of action. If it did, it should not have been dismissed on demurrer, whether that cause of action was one calling for legal or equitable remedies, or both. See *Harp* v. *Abbeville Investment Co.*, 108 *Ga.* 180, and cases cited; *Teasley* v. *Bradley*, 110 *Ga.* 498(4), 505, and cases cited.

2. The only remaining question to be determined is whether the suit was prematurely brought. It is contended that, as twelve months had not elapsed from the date of the qualification of the administrator of James J. Lanfair, the plaintiff had no right to bring the suit. Section 3439 of the Civil Code declares: "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification." This was not a suit to recover any debt due by the defendant's intestate, and therefore it does not fall within the class of cases referred to in the section cited. If there is in our law any other prohibition against the right to bring suit against an executor or administrator, we are not aware of it, and as the present case does not fall within the section cited, the case should not have been dismissed for the reason that it was prematurely brought. Even if the plaintiff was not entitled to an injunction under the facts of the case, she was certainly entitled to file her suit claiming the land, that the pending suit might operate as notice to purchasers from the administrator of her rights in the land. If she had no right to the injunction and had no right to file a suit praying for cancellation until after the expiration of twelve months from the date of the qualification of the administrator, then she would have no remedy against a purchaser at the administrator's sale who did not have actual notice of her claim. Prior to the adoption of the code, the law prohibited suits "for *any matter* or *cause* against the testator

or intestate from being brought against the administrator or executor until after the expiration of twelve months." Cobb's Dig. 472; *Womack* v. *Greenwood,* 6 *Ga.* 299, 302. Under that law the plaintiff would probably not have had a right to bring the present suit until twelve months had expired; but the section of the code above referred to changes the law, and limits the cases in which suits can not be brought to those in which it is sought to recover a debt. Suits of the character of the one now under consideration do not come even within the spirit of the old law, which was intended to give the legal representative twelve months in which to ascertain the condition of the estate before he could be compelled to pay out any assets that might come into his hands, and such suits do not come either within the letter or spirit of the law as contained in the code. The intention of the codifiers to change the law is manifest, and there was a good reason for making the change.

*Judgment reversed. All concurring, except Fish, J., absent.*