## WASHINGTON v. JOHNSON et al.

Where a party, sued upon a promissory note jointly with another party who was a mere surety or accommodation indorser upon the note, suffered judgment to go against himself and his surety, and subsequently transferred title to land of which he was owner to a third person by a warranty deed which, it is alleged, was without consideration and fraudulent, and was executed in order to defeat a claim which the surety would have had against him for payment of the original debt reduced to judgment, such a person is a competent witness, when introduced by the plaintiff in a suit brought by the surety against him and the third party to whom he had conveyed the land, to show that the deed was without consideration and void.

No. 3284.　FEBRUARY 15, 1923.

Equitable petition. Before Judge R. C. Bell. Decatur superior court. May 11, 1922.

W. V. Custer, for plaintiff.　T. S. Hawes, for defendant.

BECK, P. J. This petition was filed by John Washington against David Johnson individually, and I. A. Allen as administrator of the estate of J. W. Napier. It was alleged, that John Washington executed a note on October 16, 1909, as surety only, with David Johnson, to R. H. Edwards, which note became due on October 1, 1910; that on April 14, 1917, J. W. Napier acquired title to said mortgage note by transfer from Miss Julia F. Curry; that on May 1, 1917, Napier filed suit on the note and mortgage to the June term of the city court of Bainbridge, and at said term judgment was taken by default against John Washington and David Johnson for principal, interest, and attorney's fees; that execution issued for said several sums, which

execution was paid by the petitioner on July 10, 1917, to J. H. Cook, deputy sheriff of the county, and the execution was transferred to petitioner by Cook in the name of S. W. Martin, sheriff of the county; that under the strict rule of the common law and the Code of Georgia, having failed to show upon the trial that he was surety in truth and in fact, he is now unable to enforce his right of subrogation as against Allen, without coming into a court of equity; that in 1917, after the rendition of the judgment, David Johnson transferred to J. W. Napier his one-half undivided interest in the land covered by the mortgage executed to secure the note that was sued to judgment; that there was no consideration given to David Johnson; and that the transaction was secretly and covertly done in an effort to deprive petitioner of his rights as a surety on said mortgage note, as against the individual interest of the said David Johnson. By an amendment a copy of the deed from David Johnson to Napier was made a part of the petition, which showed that the deed was executed before the judgment was rendered. Petitioner alleged, that, by virtue of the fact that he was surety and that the note and mortgage were not transferred until after due, his rights are superior to those of J. W. Napier in law and in equity, on account of an alleged fraudulent transfer from David Johnson to Napier; that petitioner procured a transfer of the execution to himself, in order to protect his individual interest in the land from levy and sale; that he is entitled to subrogation of all the rights of Napier in the mortgage to the undivided interest of David Johnson; that he is without remedy at law to enforce his rights as against the one-half interest formerly owned and held by David Johnson and fraudulently and covertly transferred to Napier. Petitioner prayed that he have a lien decreed in his favor against the land; and for general relief.

Demurrers, both general and special, to the petition, the substance of which is set forth above, were filed by defendants; and when the case was first heard in the superior court these demurrers were overruled, and this court affirmed the judgment, and in the decision in that case held that if the petitioner's cotenant, and the joint debtor, fraudulently conveyed the land to a third person, who was the holder of the execution debt, and there was no consideration for the conveyance, and it was made

for the purpose of defeating the lien of petitioner, the latter could maintain equitable proceedings to enforce the rights which had accrued to him by virtue of the fact that he had paid off the encumbrance against the holder thereof, who had received the full amount of the debt due him from petitioner. The essential fact necessary to the maintenance of petitioner's action is here clearly indicated, and it is upon the facts alleged (which are to be taken as true as against the demurrers) that the right to a recovery by petitioner rests. Upon the subsequent hearing, when the case was tried before a jury, the court awarded a nonsuit, and to this judgment the plaintiff excepted; excepting also to a ruling of the court excluding certain testimony. The evidence excluded was the testimony of David Johnson, one of the joint defendants, who, as a witness for the plaintiff, testified that he procured John Washington to sign said mortgage note which was the foundation of the execution, simply because John Washington owned a half interest in the land given as security to R. H. Edwards; that he received all of the consideration of said note, and had not paid John Washington any part thereof. Plaintiff then sought to show by Johnson that he had received no money from the execution of the deed to J. W. Napier on April 14, 1917; and that said deed was given for the sole purpose of extinguishing the debt due J. W. Napier, by reason of the transfer to him of the mortgage note given by the witness and John Washington to R. H. Edwards on October 6, 1909. Counsel for the defendants objected to said testimony and moved to exclude the same, upon the ground that David Johnson was a party to said suit, and that his interests were inimical to J. W. Napier, who was dead; which objection was sustained by the court, and the testimony excluded.

The court erred in excluding the testimony of Johnson, tending to show that he had received no consideration for the execution of the deed to J. W. Napier, and that the deed was given for the only purpose of extinguishing the debt due Napier by reason of the transfer to him of the mortgage note given by the witness and the plaintiff in this case to R. H. Edwards. The objection upon which this testimony was excluded was that "Johnson was a party to the suit, that his interests were inimical to Napier, who was defendant." Section 5858 of the Civil Code, relating to the competency of witnesses, provides that every per-

son offered as a witness shall be competent and compellable to give evidence on behalf of either of the parties to a suit, except in certain cases. It is unnecessary to set forth the first six of these subdivisions stating exceptions to the general rule, as the evidence which was excluded, and which we are now considering, clearly did not fall within any of those exceptions. The seventh exception is as follows: "When suit is instituted against joint defendants, one of whom is the representative of an insane or deceased person, the sane or living party defendant shall not be admitted to testify as to any transaction or communication with the insane or deceased party, when his evidence would tend to relieve or modify the liability of the party offered as a witness and tend to make the estate of said insane or deceased party primarily liable for the debt or default." If the evidence of the witness Johnson, excluded under the ruling of the court, falls within the provisions of this exception to the general rule, it must be upon the ground that his evidence would tend to relieve or modify his liability, and tend to make the estate of Napier primarily liable for the debt. His evidence, to make it subject to the objection offered, must do two things: modify or relieve the liability of the witness, and make the estate of the joint defendant primarily liable. It does neither. He had executed a warranty deed to Napier; and if that estate is subject to Washington's claim, the witness would be liable upon his warranty; and in the second place, it does not make Napier primarily liable for the debt claimed by Washington. The witness himself was primarily liable for this; and while a judgment in favor of Washington in the present suit might subject the land conveyed to Napier, it did not change the character of the liability of the witness. His interests were balanced in the case, and he was a competent witness. It was error, therefore, to exclude his testimony.

The ruling here held to be erroneous, excluding the testimony of Johnson, was vital in its nature; and the judgment granting the nonsuit is reversed, that the plaintiff upon another trial may have the benefit of this evidence, and such other evidence as he may introduce to complete his case, if as a matter of fact he have such other evidence.

*Judgment reversed. All the Justices concur, Atkinson and Gilbert, JJ., specially.*