TERRY, administrator, *v.* FICKETT *et al.; et vice versa.*

Nos. 15085, 15086, 15106, 15107.  FEBRUARY 17, 1945.

34

*T. J. Lewis* and *John T. Dennis,* for plaintiff in error.

*Alvin L. Richards* and *George P. Whitman,* contra.

GRICE, Justice. Here is a rare instance of quadruplets—four writs of error in the same case, two main and two cross-bills. They may be treated in one opinion. The suit is against three defendants, two of whom are administrators of different estates, one that of a husband, the other, that of the widow and sole heir-at-law of the former. The suit seeks cancellation of deeds, an injunction to prevent a sale, a decree of title in the complainant, and an accounting against the administrators for rents, issues, and profits. On the face of the petition the fact is disclosed that the action was brought before twelve months had elapsed since the appointment of the administrators. Demurrers were filed. In addition to general demurrers to the action as a whole, other grounds were that as to the accounting the suit was filed prematurely. The demurrers were overruled. The case went to trial. The judge did not, in his instructions to the jury, submit certain questions, with direction that the jury, instead of returning a general verdict, answer the specific questions submitted. There is a motion to dismiss the two main bills on the ground that there is no error assigned on the final decree. Error is assigned on the judgment denying the motion for new trial, and the bill of exceptions specifies the final decree as a part of the record to be sent to this court. ■ ■ ■ ■ Nothing will be added to what is held in the corresponding headnotes.

■ The Code, § 113-1526, provides as follows: "No suit to

recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification. This exemption shall not apply to an administrator de bonis non, unless appointed within the year allowed to his predecessor. In all cases the administrator de bonis non shall be made a party to suits pending against the administrator, upon scire facias returnable to the first term." It will be noted that this section only comprehends suits to recover debts due by the decedent. *Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826, 827 (111 S. E. 188). It has been held that it does not prevent a party from seeking an injunction against the administrator within the twelve months (*Womack* v. *Greenwood, 6 Ga.* 299, 302) ; nor a suit seeking cancellation of a deed to an intestate. *Lanfair* v. *Thompson,* 112 *Ga.* 487 (37 S. E. 717). It would seem, from the above, to follow that, even if the contention could be raised by general demurrer that the suit could be said to have been prematurely brought under the section above referred to (compare *Butler* v. *Floyd,* 184 *Ga.* 447, 191 S. E. 460), still, such a demurrer would not be good as to a suit seeking cancellation, injunction, and a decree of title. The present suit, however, seeks more. It prays for an accounting against the administrators, and, as a matter of fact, a judgment de bonis testatoris was entered against them.

■ Ground 4 of the motion complains of the admission of certain testimony of G. W. Strickland, a party defendant and witness for the plaintiff. The testimony to which objections were interposed related to transactions and communications, or the absence of such, between the witness and A. W. Fickett and Mazie T. Fickett. This testimony is rather voluminous, and we deem it sufficient to say, in brief, that it was to the effect that neither A. W. Fickett nor Mazie T. Fickett paid the witness anything of value as a purchase-price for the properties conveyed by the three warranty deeds from the witness to the Ficketts; that he never had a conversation with Mazie T. Fickett with reference to the conveyance of the property by him to the Ficketts; that he did have a conversation with A. W. Fickett, who approached him and told him that he (A. W. Fickett) and his brother (the plaintiff) owned certain property which A. W. Fickett desired to purchase, but which he did not think his brother would sell him, and he had talked to his brother about selling to the witness, and that later

A. W. Fickett told him it was all right for him to sign the deeds; that he had never seen the deeds from R. N. Fickett and A. W. Fickett to him, and never paid anything of value to the Ficketts for the properties described in the deeds. The testimony was objected to upon the general grounds: (a) that the witness was not competent to testify as to a transaction or communication, or the absence of such, between himself and the deceased persons, and the evidence was not binding upon the estate of Mazie T. Fickett, her personal representative being a party to the suit, and the witness being a party to the suit, and being what the law calls an "opposite party;" (b) that the evidence tended to impair or break down title to properties of the estates of the deceased persons and had the effect of disputing and impeaching the warranty deeds from the witness to the deceased persons, and the witness was estopped to deny, dispute, or impeach his title, he having parted with possession of the property.

Preliminary to a discussion of the question presented, it might be well to reiterate that the suit was brought by R. N. Fickett against G. W. Strickland, C. B. Terry as administrator de bonis non cum testamento annexo of the estate of Albert W. Fickett, and C. B. Terry as administrator of the estate of Mazie T. Fickett. The plaintiff sought, in addition to other relief, a cancellation of the deeds from the plaintiff and A. W. Fickett to the witness, who by warranty deeds had conveyed the properties in controversy to A. W. Fickett and Mazie T. Fickett, and a decree of title in the plaintiff to a five-sixths interest in the properties. The testimony objected to related to both sets of deeds—an absence of consideration of both sets of deeds, a nondelivery of the first set of deeds, and the circumstances of the execution of the second set of deeds.

The Code, § 38-1603 (1), provides: "Where any suit shall be instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, or transferee, or the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person, whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." The witness was not an "opposite party" within the contemplation of the law. We recognize that a party

to a suit, although named a party defendant with the administrator of an estate, may be an "opposite party" to the administrator within the meaning of the Code, where their interests are directly opposed. *Brooks* v. *Brooks,* 185 *Ga.* 549 (195 S. E. 869). We do not believe, however, that the interests of the parties defendant in the instant case were directly opposed to an extent which would make them opposite parties within the meaning of the law. Furthermore, the witness did not testify "in his own favor." His testimony was against his interest, and was not calculated to produce a result favorable to himself.

In *Washington* v. *Johnson,* 155 *Ga.* 91 (116 S. E. 536), this court said: "Where a party, sued upon a promissory note jointly with another party who was a mere surety or accommodation indorser upon the note, suffered judgment to go against himself and his surety, and subsequently transferred title to land of which he was owner to a third person by a warranty deed which, it is alleged, was without consideration and fraudulent, and was executed in order to defeat a claim which the surety would have had against him for payment of the original debt reduced to judgment, such a person is a competent witness, when introduced by the plaintiff in a suit brought by the surety against him and the third party to whom he had conveyed the land, to show that the deed was without consideration and void." In the *Washington* case the plaintiff sought to have a lien created in his favor against the land. The court, after stating that the evidence was not inadmissible under § 38-1603 (1), above quoted, held that the evidence was not inadmissible under § 38-1603 (7), which provides: "When suit shall be instituted against joint defendants, one of whom shall be the representative of an insane or deceased person, the sane or living party defendant shall not be admitted to testify as to any transaction or communication with the insane or deceased party, when his evidence would tend to relieve or modify the liability of the party offered as a witness and tend to make the estate of said insane or deceased party primarily liable for the debt or default." The Code section above referred to was a part of the evidence act of 1889 (Ga. L. 1889, p. 85), which, after naming the exceptions that would render a witness incompetent, contained a statement that there should be no other exceptions allowed, which words are now a part of that act as codified. The settled construction of that

act has been to confine the exceptions to the plain letter of the law. The testimony was not inadmissible for the reasons assigned.

■ Grounds 6, 7, 8, and 9 of the motion complain of the admission of evidence tending to show that A. W. Fickett had failed to account for rentals of properties which were not involved in the litigation. The evidence was objected to on the ground of irrelevancy. It is well settled that motive and intent may be shown by conduct in other transactions of a similar nature to that under investigation. *Eberhardt* v. *Bennett,* 163 *Ga.* 796 (3) (137 S. E. 64). For this reason, under the facts in this case, the evidence was not inadmissible on the ground that it was irrelevant.

■ There is no merit in other grounds of the motion. Complaint is made of the trial court's refusal to give in charge certain requests. The requests were not fully adjusted to the issues of the case, and the court did not err in refusing to charge them. *Hicks* v. *Hicks,* 196 *Ga.* 541 (2) (27 S. E. 2d, 7).

If counsel for the complainant will, within ten days after the filing of the remittitur in the trial court, write off from the decree the amount of the money recovery awarded by the jury, the judgments on the main bills will stand affirmed, otherwise they will be reversed.

*Judgments affirmed on the main bills of exceptions, with direction; and affirmed on the cross-bills. All the Justices concur.*