LANE *v*. HOWARD *et al*.

No. 15636. NOVEMBER 15, 1946.

*Nathan Jolles* and *Pierce Brothers,* for plaintiff in error.

*J. Walker Harper, Hammond & Kennedy,* and *Girvin H. Nixon,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ The allegations and evidence made a proper case for specific performance and the other relief sought. Code, § 37-802; *Simpson* v. *Fox,* 69 *Ga.* 753. While the evidence introduced by the defendant, Emma Lane, was sufficient to have authorized a finding that she supplied all the funds with which the improvements were made and the purchase-money with the exception of an undefined portion of the original cash payment of $50, such finding was not demanded by the evidence; and since she did not seek a judgment for this amount or to impress the property with a trust for these funds, but by stipulation of the parties the sole issue submitted to the jury was whether she or the petitioner was entitled to a decree of title under the evidence, we examine the evidence to determine if it was sufficient to support the verdict in favor of the petitioner. Bearing upon this question, the person who made the sale testified positively that the contract was made with the petitioner's intestate, Roman Brown, and that he made the original payment of $50 thereon. The receipt for this payment issued by the defendants was as follows: "4-17-43. Received of Roman Brown the sum of $50 as down payment of lot 32, block 10, balance $150." The defendant sellers admitted in their answer that they had sold the property involved to Roman Brown and received payments on the purchase-money from him until his death. These facts fully authorized the jury to find that the property in question had been purchased by Roman Brown; and the admission of the defendants that the full purchase-price had been paid was sufficient to authorize the jury to find that Roman Brown or his representative was entitled under the contract to have the property conveyed to him or his estate. The verdict in favor of the petitioner being thus authorized by the evidence, the mere fact that Emma Lane intro-

duced evidence which in part or as a whole contradicted the evidence introduced by the petitioner would not constitute a valid reason for setting aside the verdict in favor of the petitioner upon the ground that it was without evidence to support it. The general grounds of the motion for new trial are without merit.

The two special grounds of the motion for new trial except to rulings upon the trial which allowed the petitioner, while testifying as a witness in her own behalf, to relate conversations and transactions which she had had with her intestate, Roman Brown. The objection interposed was that she was a party to the case, and therefore incompetent to testify to any transactions with the deceased. The plaintiff in error cites in support of these grounds Code, § 38-1603; *Killian* v. *Banks,* 103 *Ga.* 245 (29 S. E. 971); *Willis* v. *Bonner,* 136 *Ga.* 720 (71 S. E. 1048); *Brooks* v. *Brooks,* 185 *Ga.* 549, 553 (195 S. E. 869); *Terry* v. *Fickett,* 199 *Ga.* 30, 36 (33 S. E. 2d, 163). The law cited and relied upon is to the effect that, where a suit is instituted or defended by a representative of a deceased person, the opposite party is not allowed upon the trial of such a case to testify to transactions had with the deceased. The rule of law invoked is sound and controlling when applicable. The facts in the present case do not make a case where that rule can be applied. The petitioner here, although suing in her individual and representative capacities, was not as to her intestate an opposite party. Her interests as an individual and as an administratrix were the same. The rule invoked by the movant had no application to the testimony of the petitioner which is complained of in these grounds of the motion. *Moore* v. *Cline,* 115 *Ga.* 405 (41 S. E. 614); *May* v. *Leverette,* 164 *Ga.* 552 (139 S. E. 31); *Winkles* v. *Drake,* 165 *Ga.* 335 (141 S. E. 67); *Terry* v. *Fickett,* supra. There is no merit in the special grounds.

*Judgment affirmed. All the Justices concur.*