### 1306.  JONES *v.* TAYLOR *et al.,* receivers.

1. The maturity of a promissory note can not be extended by the terms
   of an alleged parol agreement made contemporaneously therewith or
   antecedent thereto.
2. A plea which alleges that a note sued on was merely evidence of an
   indebtedness which was represented also by a series of smaller notes,
   and that a definitely stated number of the smaller notes had been paid,
   is good as a partial plea of payment, when the dates, maturity, amount,
   and nature of the smaller notes are given, and it is alleged that they
   were paid to the holder according to their terms.

Complaint, from city court of Macon—Judge Hodges.  June 27,
1908.

Submitted October 29,—Decided November 10, 1908.

*Arthur L. Dasher,* for plaintiff in error.

*Hardeman, Jones & Johnston,* contra.

POWELL, J.  The defendant was sued on a note, executed by
him to the bank of which plaintiffs were the receivers, for $4,317.60,
executed January 4, 1907, due January 4, 1908.  He pleaded,
that this note was made for memorandum purposes only; that it
represented the balance due at its date of the total purchase-price
of a parcel of land sold on long-time credit; that while it pur-
ported to mature January 4, 1908, it was thus executed under an
agreement that the indebtedness was really to be paid off at the
rate of $65 per month; that on January 4 of each year, according
to this agreement, a large note representing the entire unpaid bal-
ance of the total indebtedness was to be taken; and, as representing
that part of the same debt which was to be paid during the twelve
months between the date of the giving and the date of the ma-
turity of the large notes, twelve notes for $65 each were also taken;
that on January 4, 1907, in pursuance to and in continuation of

this arrangement, he gave the notes sued on, and twelve notes for $65 each, maturing consecutively on the 4th of each month until January 4, 1908; that he complied with the terms of payment as to the small notes, paying to the bank until it failed, and to the receivers after that time, up to January 4, 1908; that he then went to the receivers and offered to pay the $65 note due that day, and to give the customary large note for the balance due, making it mature January 4, 1909, and to execute the twelve smaller notes to represent the monthly payments for the ensuing year; and that the receivers declined this offer. In his plea he also offered to comply with his alleged oral contract to pay and to continue to pay the debt at the rate of $65 per month. He also asked that the principal of the note sued on be reduced by the amount of the eleven $65 notes which he had paid month by month during the year 1907. The court struck the entire plea. So far as it attempted to set up the oral agreement by which the note sued on did not express its true maturity, the plea was subject to demurrer. So far as it set up that the twelve $65 notes represented a part of the same indebtedness, and that eleven of these notes had been paid, it was pro tanto good. The plea, taken as a whole, shows with reasonable certainty that these notes were paid at maturity, and that the payments were made to the bank itself until it failed, and then to the receivers. It is sufficiently definite as a plea of payment.                                        *Judgment reversed.*