### 2403. ROGERS & THORNTON *v.* OTTO GAS ENGINE WORKS.

1. Under an act approved August 15, 1903, whenever a vendor of personal property who retains title to it until the purchase-money is paid brings trover to recover possession of the property, the defendant may plead any set-off or recoupment growing out of the contract of purchase, by reason of failure of consideration, defects in the property, or breach of contract by the plaintiff; and this is true whether the plaintiff elects to take judgment for the property or for damages.
2. The court erred in striking the defendants' plea and in excluding their testimony, and consequently in directing the verdict against them.

Trover; from city court of Douglas—Judge Roan. December 1, 1909.

Submitted March 24,—Decided April 6, 1910.

*Rogers & Heath, C. A. Ward, F. Willis Dart,* for plaintiffs in error. *Quincey & McDonald, Lankford & Dickerson,* contra.

POWELL, J. The Otto Gas Engine Works brought suit in trover against Rogers & Thornton for the recovery of an engine sold under retention of title. The defendants filed a plea alleging failure of consideration, damages for breach of warranty, and other breaches of contract by the plaintiff; also setting up partial payments. The action was proceeding in a city court, and, upon the plaintiff's electing to take the specified property, the judge struck the defendants' pleas and excluded the evidence offered thereunder, on the ground that the action was purely one at law—his holding being that the defendants were setting up a matter of affirmative equitable defense; the ruling doubtless being placed upon the de-

cision of the Supreme Court in *Hecht* v. *Snook,* 114 *Ga.* 921 (41 S. E. 74), in which it is held that set-off, where not allowed by statute, is usually a matter requiring affirmative equitable interposition, beyond the power of any court other than the superior court to grant.     The case is clearly controlled by the act approved August 15, 1903 (Acts 1903, p. 84), in which it is provided as follows: "That when personal property is sold and the vendor retains the title thereto in himself until all the purchase-money is paid, and the vendor or his assigns has brought, or may hereafter bring suit to recover the possession of such personal property, the defendant in such action may plead as set-off any demand or claim that he may have against the plaintiff, or may recoup any damages that he has sustained by reason of any failure of consideration, or any defects in such personal property, or any breach of contract by the plaintiff, whereby the defendant has in any way been injured or damaged.     If the plaintiff elects to take a money judgment for the value of such property, the amount of set-off or damages allowed the defendant by the jury shall be deducted from the value of such property and the amount allowed for the hire or use thereof, and the plaintiff shall only recover the excess; but if the amount of set-off or damages allowed the defendant shall exceed the value of the property sued for and the hire thereof, then the defendant shall have judgment against the plaintiff for such excess.     If the plaintiff elects to take a judgment for the property sued for, then the amount allowed the defendant as set-off or damages shall be a lien on such property superior to all other liens, except liens for taxes." This act fully creates a legal right of set-off in these cases, and resort to equity is unnecessary.     Indeed, it would seem that even prior to the passage of this act, where trover was based upon purchase-money notes, the defendant might, at law, set off failure of consideration and other matters of recoupment, as a defense to the plaintiff's action.     It is true that in ordinary cases of trover, not based on the relation of vendor and vendee, the defendant can not (unless he is in a court having power to grant affirmative equitable relief) plead matter ex contractu, but as was pointed out in the case of *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100), there is a difference where the suit is based on a retention of title as security for the payment of purchase-money, or upon a conditional sale. As was pointed out in *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.*

344 (63 S. E. 270), the right of a defendant to have the. verdict molded, so as to protect him as to certain matters growing out of the transaction and sufficient to be enforceable against the plaintiff ex æquo et bono, has long been recognized by the courts of law, both English and American. We are inclined to the opinion that the defense would have been good even prior to the statute of 1903; certainly under that statute it is good. *Judgment reversed.*