## ADDER MACHINE COMPANY *v.* HAWES, administrator.

An action in trover against an administrator, wherein a recovery for the hire and value of the property involved is expressly waived, and a recovery of the property itself is sought, is not covered by the Civil Code (1910), § 4015, providing that no suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification.

No. 2620.        FEBRUARY 21, 1922.

The Court of Appeals certified to this court the following questions (in Case No. 12187) :

" 1. A suit in trover, filed May 2, 1919, to recover an adding machine of the alleged value of $310 and of the yearly value of $100, accompanied by an affidavit for bail, was brought against the administrator of an estate within 12 months of his appointment as administrator. The defendant filed a plea denying that title to the property was in the plaintiff, and pleading specially that he was appointed administrator of the estate on August 2, 1918, and that, 12 months therefrom not having expired, he was exempt by law from being sued, and prayed to be discharged. Upon the hearing of the suit the plaintiff, by leave of the court, amended its petition by striking therefrom its claim for hire or yearly value of the property, and elected to take a verdict for the property it-

self. Under these circumstances, was this trover suit a 'suit to recover a debt due by the decedent,' within the meaning of the Civil Code (1910), § 4015, which provides that 'no suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of 12 months from his qualification'?

"2. If the preceding question is answered in the affirmative, then an answer is requested to the following question: In such a trover suit as is referred to in the preceding question, where the defendant had refused to replevy the property, and the plaintiff, upon such refusal, had replevied the property and taken it into his possession, and where, upon the hearing of the trover proceeding, the court, on the motion of the defendant and over the plaintiff's objection, dismissed the suit as being prematurely brought, and the defendant then elected to take a money verdict for the value of the property and interest, the plaintiff not having offered to return the property or to make restitution, was the defendant entitled, as a matter of right, to a judgment against the plaintiff for the value of the property and interest?"

*Hartsfield & Conger,* for plaintiff.

*John R. Wilson* and *T. S. Hawes,* for defendant.

FISH, C. J. As appears from the first question propounded, the action of trover and bail, by amendment of the petition by the plaintiff, was converted into a plain suit of trover for the recovery of the property itself, wherein no recovery was sought for hire, or for the value of the property. As stated in the question, the Civil Code (1910), § 4015, provides: "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification," etc. A trover suit for the recovery alone of the property therein mentioned is not a "suit to recover a debt due by the decedent," and it is only where the suit is to recover a debt that the exemption applies. See *Lanfair* v. *Thompson,* 112 *Ga.* 487 (2) (37 S. E. 717); *Redford* v. *Lloyd,* 147 *Ga.* 145 (93 S. E. 296). We therefore answer the first question in the negative.

No answer is required to the second question, as it is predicated upon the hypothesis that the first question is answered in the affirmative.          *All the Justices concur.*