12187. ADDER MACHINE COMPANY *v.* HAWES,
administrator.

" An action in trover against an administrator, wherein a recovery for the hire and value of the property involved is expressly waived, and a recovery of the property itself is sought, is not covered by the Civil Code (1910), § 4015, providing that no suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification." *Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826 (111 S. E. 188).

DECIDED APRIL 13, 1922.

Trover; from city court of Bainbridge — Judge Spooner. January 11, 1921.

*Hartsfield & Conger,* for plaintiff.

*John R. Wilson, T. S. Hawes,* for defendant.

LUKE, J. The headnote to this case is the ruling made by the Supreme Court in answer to the following question certified by this court to that court: " A suit in trover, filed May 2, 1919, to recover an adding machine of the alleged value of $310 and of the yearly value of $100, accompanied by an affidavit for bail, was brought against the administrator of an estate within 12 months of his appointment as administrator. The defendant filed a plea denying that title to the property was in the plaintiff, and pleading specially that he was appointed administrator of the estate on August 2, 1918, and that, 12 months therefrom not having expired, he was exempt by law from being sued, and prayed to be discharged. Upon the hearing of the suit the plaintiff, by leave of the court, amended its petition by striking therefrom its claim for hire or yearly value of the property, and elected to take a verdict for the property itself. Under these circumstances, was this trover suit a ' suit to recover a debt due by the decedent,' within the meaning of the Civil Code (1910), § 4015, which provides that ' no suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of 12 months from his qualification ? ' "

Under the ruling of the Supreme Court, the trial court erred in dismissing the suit as having been prematurely brought, and the further proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*