15633.   FINANCE COMPANY OF THE SOUTH *v.* JONES.

BELL, J.   1.   Partial payment of the purchase price of goods with knowledge of defects therein will not estop the buyer from pleading partial failure of consideration. Civil Code (1910), § 4137; *Atkins* v. *Cobb,* 56 *Ga.* 86 (6). While it has been held that this section of the code is applicable only in cases of express warranty, such was the warranty relied on by the defendant in the present action. See *Mansor* v. *Zemurray,* 22 *Ga. App.* 441 (1), 444 (96 S. E. 233). It is especially applicable where, as in this case, there was evidence to show, in accordance with the plea, that all payments which the defendant had made after the acceptance of the article sold were made under an agreement by the vendor that it would repair the article so as to put it in a condition conforming to the warranty. *McDaniel* v. *Mallary,* 6 *Ga. App.* 848 (2) (66 S. E. 146); *Alpine Safe & Lock Co.* v. *Parsons,* 13 *Ga. App.* 154 (2) (78 S. E. 1023).

2.   Where property is sold for cash in part, and the vendor retains the title thereto until payment of the balance of the purchase-money, and thereafter transfers the retention-of-title contract and notes for the

balance of the purchase-money to another, to whom further payments are made by the vendee, and where such transferee, upon default by the vendee in the payment of the remainder, sues the vendee in trover for the recovery of the property, the defendant in such action, upon pleading and proving a failure of consideration, may recoup against the assignee his resulting damage, to the extent, at least, of the amount paid to the assignee. This is true even where the failure of consideration was only partial, provided the vendee had paid to his vendor, prior to the assignment of the contract, as much as the property was actually worth. Civil Code (1910), § 4484; *Rogers* v. *Otto Gas Engine Works,* 7 *Ga. App.* 587 (1) (67 S. E. 700).

3. Although the plaintiff assignee acquired the notes for the balance of the purchase-money bona fide and for value before maturity, and, if suing upon the notes, would have been protected from the defense of failure of consideration (Civil Code of 1910, §§ 4286, 4291), yet where, instead of suing upon the notes, he elects to bring an action of trover for the recovery of the property, he thus in effect rescinds the contract, and can not rely upon the rights which otherwise would have enured to him as a holder of the notes bona fide and for value, but his action will be subject to the provisions of section 4484 of the Civil Code. See *City of Jeffersonville* v. *Cotton States Belting Co.,* 30 *Ga. App.* 470 (9) (118 S. E. 442).

4. The defendant in this action pleaded that the property was worthless, and sought to recover of the plaintiff assignee, for the failure of consideration, a sum equal to the amount which he had paid both to his original vendor and to the assignee. A verdict was returned in his favor accordingly. While a motion for a new trial by the plaintiff was pending the defendant wrote off a part of the verdict, so as to bring the recovery within the amount which he had paid to the assignee. The motion was thereupon overruled. *Held:* Under the rulings of the preceding paragraphs the evidence authorized the verdict as finally approved by the trial court, any errors in instructions were cured, and there was no error in overruling the motion.

5. The above rulings are not to be construed as deciding whether the defendant's recoupment in such a case should be limited to a sum not exceeding the payments to the assignee. The defendant having voluntarily written off from his recovery all in excess of that amount, whether it be true that the verdict in its original form would not have been sustainable is a question not presented for adjudication by the present record. See *Gafford* v. *Twitty,* 154 *Ga.* 682 (1) (115 S. E. 105).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 13, 1924.

Trover; from city court of Atlanta—Judge Reid. April 5, 1924.
*V. H. Gaddis, H. C. Holbrook,* for plaintiff.
*Hewitt W. Chambers,* for defendant.