## 18388.  GOOGE *v.* YORK.

DECIDED MARCH 27, 1928.

*E. H. Williams,* for plaintiff. *C. A. Williams,* for defendant.

BELL, J. Mrs. Lavina Googe, as landlord, procured a warrant for the removal of Frank York, as tenant, upon the ground that he failed to pay the rent when due. The tenant arrested the proceeding by tendering an affidavit in which he denied his alleged default, and thus was formed the issue for trial. Civil Code (1910), § 5385 et seq. The lease was in writing and provided for a term of five years. It stated that the consideration was $200, and recited payment. After the introduction of this document in evidence the plaintiff testified that only one half of the consideration had been paid, and that the defendant had refused to pay the remainder. The verdict was in favor of the defendant, and the plaintiff excepts to the overruling of her motion for a new trial. She complains that the court erred in allowing the defendant to testify that "One hundred dollars was to be paid in cash, and one hundred dollars when half the term of the lease had expired,—two years and a half from date of the lease," and in allowing the defendant's wife to testify to the same effect. The plaintiff duly objected to the testimony in each instance, on the ground that it varied and contradicted the terms of the written contract, and was for that reason inadmissible.

Receipts for money are only prima facie evidence of payment and may be denied or explained by parol; and this is true even though the receipt may be contained in a contract, where, as here,

it appears as a mere recital. Civil Code (1910), 4188, 5795; *Graham* v. *Peacock,* 131 *Ga.* 785, 787 (63 S. E. 348). It was thus permissible for the plaintiff to show by parol that not all of the rent had been paid at the execution of the contract, notwithstanding the statement to the contrary in the written agreement. Since it was established by testimony that only $100 of the rent was paid at the execution of the contract, the question arises as to when the remainder was due. If the answer to this question is to be found by a resort to the written instrument, then it was improper to allow evidence of a parol agreement in reference to such maturity. Where a contract provides for the payment of money and either expressly or impliedly fixes the date for the payment thereof, evidence that the parties orally agreed on a different date is inadmissible. *Crooker* v. *Hamilton,* 3 *Ga. App.* 190 (3) (59 S. E. 722); *Jones* v. *Taylor,* 5 *Ga. App.* 161 (62 S. E. 992); Civil Code (1910), § 5288.

The cardinal rule for the construction of a contract is to ascertain the intention of the parties, and, if that intention is clear from the language used and contravenes no rule of law, it shall be enforced in determining the rights of the parties. Civil Code (1910), § 4267. The language to be construed in this case is, "For and in consideration of the sum of two hundred dollars in hand paid, at and before the delivery of these presents, the receipt of which is hereby acknowledged;" and, in the absence of anything further in the writing as to the time when the consideration was to be paid, it is obvious that the parties intended a cash transaction, in which the whole amount was due and payable at the execution and delivery of the contract. Any other interpretation would be inconsistent with the manifest understanding as thus expressed in the written agreement between the parties. While it was permissible for the plaintiff to show that a part of the rent was not "paid in hand," it was a violation of the parol-evidence rule to allow proof of a prior or contemporaneous agreement that this part of the rent was not payable on the consummation of the contract as therein provided. Where no time for the payment of rent is fixed in the lease and the rent is reserved in gross, it generally does not accrue as a debt until the tenant has enjoyed the use of the land for the period for which it is payable, and thus is not due until the end of the term. *Parker* v. *Gortatowsky,* 129 *Ga.* 623 (3) (59 S. E.

286) ; 18 Am. & Eng. Enc. of Law, 270; 24 Cyc. 1170. But the parties are, of course, free to agree and stipulate for the payment of the rent at any particular time, and by the positive terms of the agreement here under consideration the entire rent was due immediately. While it is true that the plaintiff delivered the contract and permitted the defendant to take possession of the premises upon the payment of only a part of the rent, this was a mere voluntary indulgence and did not constitute a departure from the terms of the original contract in relation to the time for payment, within the meaning of section 4227 of the Civil Code. See *Young* v. *Durham*, 15 *Ga. App.* 678 (2) (84 S. E. 165). Both parties are presumed to have understood the effect of the contract, and there is nothing to show a new agreement. We think the court erred in allowing the defendant to prove that by a contemporaneous parol agreement the part of the rent which was not paid in cash was not due until the expiration of one half of the rental period. The error in the admission of such testimony was vital and requires a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*