19243. JORDAN v. INVESTMENT CORPORATION OF SAVANNAH.

Decided January 16, 1929.

Lewis A. Mills, Henry McAleer, for plaintiff in error.
H. Wiley Johnson, contra.

Luke, J. The Investment Corporation of Savannah brought trover against W. B. Jordan in the city court of Savannah for an automobile. Not having been replevied, the automobile was sold by order of court, and brought $515. The defendant's amended answer was stricken on motion, and he excepted pendente lite to the judgment striking it. After the introduction of evidence, the

court directed a verdict for the plaintiff for $515 and the defendant filed a motion for a new trial, based upon special as well as general grounds. This motion was overruled, and the defendant excepted.

The trover action was brought in the usual form, and the answer and plea to the petition, by paragraph, was substantially as follows: (1) Paragraphs 1, 2, and 3 of the petition are denied. (2) On January 28, 1926, T. P. Saffold, president of the plaintiff corporation, made an agreement with the defendant "whereby said Saffold agreed to pay him ten per cent. on all lots sold" on a designated tract of land belonging to the plaintiff, agreeing to advance the defendant $100 per month as a drawing account, which was to be repaid from "sales to be made by him when the property was placed on the market." (3) Said Saffold, as president of the plaintiff corporation kept stating to defendant that "very shortly the lots would be put on the market," but always failed and refused to do so; and the defendant expended $92 "in procuring a list of prospects, at the direction of Mr. Saffold, to be seen and lined up on sales, so that all of the ground work could be completed when the lots were put on the market; this amount also being advanced to be repaid from sales to be made by him when the lots were put on the market." (4) "Defendant owned a Buick sedan on which all of the purchase-price had been paid except $773.28. The said Saffold agreed to advance the said balance which was due the General Motors Acceptance Corporation, to complete the payment of the purchase-price on said Buick sedan, and to charge it against the defendant, to be considered as a portion of the drawing account, and to be repaid by said defendant from sales to be made by him on said Colonial Estate lots when the same were placed on the market. . . In this connection, plaintiff had defendant execute to it a bill of sale covering said automobile, as security therefor in case of the death of the defendant prior to his sale of said lots." (5) "Defendant shows that by reason of his contract had with the plaintiff corporation, the amount advanced on the automobile is not due or payable, for the reason that said plaintiff corporation, acting by and through its president, T. P. Saffold, has failed and refused to put the said Colonial Estate lots on the market and to give the defendant an opportunity to close

any sales." (6) "Defendant expended much time and effort in seeing many prospects indicated by said Saffold, president of plaintiff corporation, and submitted to said Saffold" three named purchasers "who were ready, able, and willing to buy, but which sales were refused by said Saffold and blocked by him." Said three parties "will purchase when the said lots are placed on the market, unless discouraged by the said Saffold." (7) One of said parties selected a lot on which the defendant's commissions of ten per cent. would have been $750. The two lots selected by the other two parties were priced at $17,500 each, and the defendant's commissions on them would have been $3,500. (8) On June 1, 1927, said "Saffold, president of plaintiff corporation, refused to further carry out plaintiff's contract with" the defendant, and "fired him." (9) Under said contract said lots were to be placed on the market on or before March 1, 1927, "which plaintiff failed and refused to do." (10) "By reason of the breach of contract on the part of said plaintiff corporation in not placing said lots on the market for sale as agreed, and in refusing to carry out the terms of its contract with him, he has been injured and damaged in the sum of $25,000." (11) "Defendant shows further that he sues in this action for the sum of $4,250, a portion of the amount claimed, as shown in the said statement, on the basis of sales which would have been made if they had not been blocked by action on the part of said Saffold, and this amount is shown as a separate item on said statement, and apart from the remainder of the general damages." Judgment was asked for $23,226.20. The "bill of particulars" attached to the plea follows: "Investment Corporation of Savannah to W. J. Jordan, Dr.

"To damages sustained by breach of contract,......$20,750.00

"To 10% com. Fred A. Davis lot, $7,500.00........ •750.00

"To 10% com. Henrick Wallin lot, $17,500.00..... 1,750.00

"To 10% com. Arthur T. Comer lot, $17,500.00.... 1,750.00

"To mailing list for prospects, adv., etc., as shown on books of the plaintiff......................... 92.00

$25,092.00

"Cr. Drawing account 10 months ................$ 1,000.00

"Amount advd. on automobile per agreement....... 773.80

"Amount advd. on mailing-list ................. 92.00

                                                    $ 1,865.80
"Balance .................................. $23,226.20"

The following amendment to paragraph 4 of the plea was allowed: "which said bill of sale was subject to the conditional sales contract executed by him to the East Coast Motor Company, of West Palm Beach, Fla., the party from whom the said automobile was purchased, which said contract was by them transferred to the General Motors Acceptance Corporation, and in turn by them transferred to the plaintiff, and is the instrument under which the plaintiff holds title to the said automobile by reason of their having advanced the balance due thereon for the account of defendant upon the terms above set forth."

The plaintiff's demurrer and motion to strike the defendant's answer follows: "Now comes the plaintiff in the above-stated case and demurs to and moves to strike the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh paragraphs of the defendant's answer, on the ground that same constitute no valid defense to this action of trover."

The court's judgment upon the demurrer was: "I have come to the conclusion that, construed with reference to the prior law and the context, that section 4484 of the Code is not broad enough to authorize the defense and counterclaim set out in the paragraphs (including the amendment thereto) sought to be stricken by the foregoing motion, and accordingly the motion is sustained and said paragraphs of the answer are hereby stricken."

Section 4484 of the Civil Code (1910), which is a codification of the act of 1903 (Ga. L. 1903, p. 84), reads: "When personal property is sold and the vendor retains the title thereto in himself until all the purchase money is paid, and the vendor or his assigns has brought or may hereafter bring suit to recover the possession of such personal property, the defendant in such action may plead as set-off any demand or claim that he may have against the plaintiff, or may recoup any damages that he has sustained by reason of any failure of consideration, or any defects in such personal property, or any breach of contract by the plaintiff, whereby the defendant has, in any way, been injured or damaged. If the plaintiff elects to take a money judgment for the value of such property,

the amount of set-off or damages allowed the defendant by the jury shall be deducted from the value of such property and the amount allowed for the hire or use thereof, and the plaintiff shall only recover the excess; but if the amount of set-off or damages allowed the defendant shall exceed the value of the property sued for and the hire thereof, then the defendant shall have judgment against the plaintiff for such excess. If the plaintiff elects to take a judgment for the property sued for, then the amount allowed the defendant as set-off or damages shall be a lien on such property, superior to all other liens except liens for taxes."

The defendant in error contends that the statute is only applicable to cases brought by "the vendor or his assigns." We think that the statute is sufficiently broad to include not only the immediate assignee of the vendor, but also the assignee of such assignee, and that the plaintiff in error had the right to interpose any defense allowable under the statute.

It is further contended that the statute was not punctuated properly, and that a comma should be inserted after the word "damages" and before the word "that," so that it would read: "The defendant in such action may plead as a set-off any demand or claim that he may have against the plaintiff, or may recoup any damages, that he has sustained," etc; and that when so punctuated and properly construed, the statute is applicable only to "such claims or demands against the plaintiff as grow out of the contract of purchase."

This section of the code is punctuated as was the original act, and it can not be fairly concluded that the "missing comma" was left out by inadvertence or error.

Recoupment lies where the demands arise out of the same transaction, whereas set-off is not so confined, and "includes mutual debts and liabilities." See Civil Code (1910), § 4351. We do not believe that the lawmakers were oblivious of this difference when they entitled the act of 1903, "An Act to allow defendants in certain trover cases to plead set-offs, or to recoup in damages where suits have been brought to recover possession of personal property; to provide the manner in which such set-offs or damages are allowed, and for other purposes;" or when they clearly gave the defendant the right to "plead as set-off any demand or claim that he may have against the plaintiff." Furthermore, the language quoted from

the act of 1903 in the last clause of the preceding sentence means practically the same thing as the clause "all mutual debts . and liabilities," used in section 4351 of the Civil Code (1910), where set-off and recoupment are differentiated. To hold with the contention of the defendant in error would be, in effect, to say that while the lawmakers clearly said one thing they meant something else, and this we have neither the inclination nor the right to do. We decline to hold that the legislators intended to reduce the extensive field of set-off to the more limited field of recoupment. If the statute is too broad in its scope (and we think it is.), the lawmakers, and not the courts, will have to change it.

We see nothing in the cases of *Rogers* v. *Otto Gas Engine Works*, 7 *Ga. App.* 587 (67 S. E. 700), and *Finance Co. of the South* v. *Jones*, 33 *Ga. App.* 94 (125 S. E. 510), that militates against the conclusion we have reached.

Counsel contends in his brief that in any event the amended plea sets out no defense, for the reason that one Saffold, and not the Investment Corporation of Savannah, both made and breached the alleged contract with the defendant for the sale of lots. The demurrer points out no defect in the pleading, and, considering the amended answer as a whole, it was sufficient to withstand the demurrer interposed.

Our conclusion is that the act under consideration allows the defense of set-off, and that, as against the demurrer and motion to dismiss, the amended plea set up a defense to the action and should not have been stricken. Having reached this conclusion, it is not necessary to consider any other question raised by the record.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*