### 22286. ROBBINS v. CALHOUN NATIONAL BANK.

SUTTON, J. In July, 1926, A. T. Robbins and Fannie Robbins executed a promissory note, payable in six months, to the Calhoun National Bank. The bank filed suit against the defendants on the note, returnable to the February term, 1931, of Gordon superior court. Fannie Robbins filed an answer to the suit, in which she set up that she signed the note as surety for A. T. Robbins, who received the proceeds thereof, that the note became due on January 2, 1927, at which time A. T. Robbins resided in the county, that the bank, without her knowledge or consent, extended the time for A. T. Robbins to pay the note, and failed and refused to bring suit thereon for more than three years, during which time a judgment for the amount of the note could have been collected out of A. T. Robbins, and that these facts increased her risk as surety and released her, as a matter of law, from all liability on the note. At the February term, 1932, of the court, on oral motion of the plaintiff, the court struck the answer of Fannie Robbins as being insufficient, and directed a verdict against her. To this the defendant excepted. *Held:*

1. An oral motion to strike a plea on the ground that it sets forth no defense is in the nature of a general demurrer, and can be interposed at any time before verdict. *Niemeyer* v. *Dougan,* 31 *Ga. App.* 99 (119 S. E. 544).

2. Yet where the defense pleaded is good in substance, such direction should not be given the case as will disregard the plea, in the absence of a special demurrer pointing out its defects, and the failure of the defendant to amend to meet the same. *Higginbotham* v. *Conway,* 113 *Ga.* 1155 (39 S. E. 550). So, in a suit upon a promissory note by the payee therein, where one of the defendants, an apparent maker, filed a plea setting up that she was in fact a surety on the note and that "the plaintiff, without her knowledge and consent, extended the time for" the principal "to pay said note," and that such act on the part of the plaintiff increased her liability and operated to discharge her, such plea was good in substance; and the court was not authorized, in the absence of a special demurrer pointing out the defects therein and of failure of the defendant to properly amend, to dismiss the plea on oral motion of the plaintiff and direct a verdict for him against this defendant. *Short* v. *Jordan,* 39 *Ga. App.* 45 (146 S. E. 31). See further, in this connection, *Thompson* v. *Carrollton Bank,* 29 *Ga. App.* 520 (2) (116 S. E. 39); *Register* v. *Southern States Phosphate &c. Co.,* 157 *Ga.* 561 (4) (122 S. E. 323); *Vinson* v. *Garland,* 41 *Ga. App.* 601 (2) (154 S. E. 158).

*Judgment reversed, Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 18, 1933.

*M. B. Eubanks,* for plaintiff in error. *J. M. Lang,* contra.