23869. HILL *v.* STERCHI BROTHERS STORES INC., *et al.*

SUTTON, J. 1. A paragraph in an affidavit of illegality setting up that two of the three conditional-sale contracts sued on "have been satisfied by payment in full of all sums due plaintiff thereunder," sets up a plea of payment as to such contracts, good as against an oral motion to strike, made at the trial term, which is equivalent to a general demurrer. *Baer* v. *Christian,* 83 *Ga.* 322 (9 S. E. 790); *Epstein* v. *Thomas,* 15 *Ga. App.* 741 (3) (84 S. E. 201); *Register* v. *Southern States Phos. Co.,* 157 *Ga.* 561 (4) (122 S. E. 323); *Robbins* v. *Calhoun National Bank,* 46 *Ga. App.* 489 (2) (168 S. E. 116).

2. No contemporaneous oral agreement can modify or change the terms of a written one between the same parties, complete on its face, and pertaining to the same subject-matter, and such an oral agreement becomes merged into the written agreement; and, in the absence of fraud, it will be presumed that the written one contains the entire agreement. *Indiana Truck Corp.* v. *Glock,* 46 *Ga. App.* 519 (168 S. E. 124). It follows that the alleged agreement of the agent of the plaintiff, without any consideration therefor, made at the time the conditional-sale contracts were executed by the parties, to the effect that the defendant could pay for the property thereby purchased otherwise than as per the terms of such written agreements, would vary the terms of the written agreements, which the law does not permit. *Googe* v. *York,* 38 *Ga. App.* 62 (2) (142 S. E. 562).

3. The mere fact that the defendant paid some installments after they were due and in amounts less than the stipulated sum, without any subsequent agreement to do so and without any consideration therefor, would not be sufficient to show such a departure from the original contract

as to require notice from the plaintiff of intention to comply with the strict terms thereof before the plaintiff could insist upon a forfeiture of the same. *Young* v. *Durham*, 15 *Ga. App.* 678 (2) (84 S. E. 165).

4. So much of the affidavit of illegality as set up that the defendant desired to return the article purchased of the plaintiff under the last contract, which it refused to accept, but told the defendant to keep and pay for it when able, and that thereafter the defendant made payments thereon, which were accepted by the plaintiff, all of which were less than the amount of the installment specified in the contract, and that the plaintiff never notified the defendant of its intention to hold him to the strict terms of the contract, set up a defense good as against the oral motion to strike. Civil Code (1910), § 4227; *Kennesaw Guano Co.* v. *Miles*, 132 *Ga.* 763, 770 (64 S. E. 1087), and cit.; *Mauldin* v. *Gainey*, 15 *Ga. App.* 353 (5) (83 S. E. 276).

5. It follows that the court erred in sustaining the oral motion to strike the defendant's affidavit of illegality and in dimissing the same, and entering up judgment against the defendant on the foreclosure proceedings.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 24, 1934.

*C. D. McCutchen,* for plaintiff in error.   *O. R. Hardin,* contra.