24437, 24438. CHAPMAN *et al. v.* HAMILTON NATIONAL BANK, administrator; and *vice versa.*

*W. I. Geer,* for Chapman et al. *N. L. Stapleton,* contra.

GUERRY, J. ▮ The Hamilton National Bank of Chattanooga, Tenn., as administrator with will annexed of the estate of Mrs. Ada Grace Murphy, filed suit in the superior court of Miller county against Mrs. Trudie Kimbrel Chapman individually and as administratrix of the estate of A. B. Chapman deceased, alleging: that Mrs. Trudie Chapman and A. B. Chapman did on December 1, 1922, execute and deliver to the Chickamauga Trust Company a certain promissory note in the sum of $3000, payable December 1, 1927, and bearing interest at the rate of 6%, payable annually; that said note was secured by a loan deed to described lands; that within a short time after the execution of the note and the deed Mrs. Ada Grace Murphy purchased them from Chickamauga Trust Company for a valuable consideration, and they were delivered to her, and all subsequent payments of interest and principal thereon were made to her by the defendants named therein; that after said principal note became due in 1927, defendants executed and delivered to Mrs. Ada Grace Murphy a certain extension agreement providing that said defendants should pay the interest due each year to Mrs. Murphy and $100 of the principal and the loan to be extended until 1932. Attached to this extension agreement were five interest notes, payable December 1st each succeeding year, to Mrs. Ada Grace Murphy. The extension agreement itself, however, was not signed by Mrs. Murphy, but was signed by the Chickamauga Trust Company and the defendants, and it contained, among other things, the following stipulations: "Whereas the Chickamauga Trust Company has sold, assigned, and delivered said note and deed to Ada Grace Murphy, who now owns and holds the same, and whereas the said A. B. Chapman and wife, Trudie Kimbrel Chapman, now hold title to said premises, subject to said loan deed, and whereas said note was due on the 1st day of De-

cember, 1927, and the said A. B. Chapman and wife, Trudie Kimbrel Chapman, who claim to own the equity of redemption in the above lands, desires and has asked that time for the payment of said note be extended, and the Chickamauga Trust Company having assented to said extension and signs the instrument solely to evidence same, now, therefore," etc. The interest notes were themselves made payable to Mrs. Murphy. The petition shows further that Mrs. Ada Grace Murphy, payee named in the extension agreement, died in November, 1932, and the Hamilton National Bank was named as administrator with the will annexed and qualified in January, 1933. It was further alleged that such administrator was unable to find or locate any written transfer of the original note and deed, the note and deed themselves having no transfer thereon, and that the Chickamauga Trust Company having been adjudicated a bankrupt in December, 1930, it (the Hamilton National Bank) procured from the duly appointed and qualified trustee of the Chickamauga Trust Company a written transfer of the original note and deed signed by the defendants named herein; the transfer being attached to the petition, setting out the facts and stating that "pursuant to authority and order of the United States Court of Bankruptcy. . . [I] do hereby sell," etc., the described deed and note. The amount claimed to be due on the original indebtedness was $2800, for which amount and past due interest judgment was prayed, and it was prayed that said amounts be decreed a special lien on the described land.

At the appearance term the defendants filed their answers and demurrer, together with a plea in abatement as follows: "Mrs. Trudie Chapman, as administratrix aforesaid, says she was appointed and qualified as administratrix of the estate of A. B. Chapman on March 5, 1934 (just one month before the filing of the suit), and that as such administratrix she is entitled to 12 months exemption from suit, and the present suit should be abated, and that such exemption has not been waived." A motion to strike this plea was made by the plaintiff after the filing and allowance of the following amendment: The plaintiff "waives any right it may have to recover in this proceeding a judgment in personam against Trudie Kimbrel Chapman individually or as administratrix of the estate of A. B. Chapman, deceased, on the note and security deed described in the original petition, and also waives any

claim it may have to recover attorney's fees specified in said note and deed, but seeks to secure in this proceeding a judgment in rem against all the property described in said security deed for the full amount of the principal and interest due on said note and on extension agreement executed in connection therewith." The prayer for a personal judgment was stricken and the following prayer substituted: "Petitioner prays that it recover a judgment in rem for the full amount of the interest and principal due on the original note and extension agreement described, . . and against the lands described in said security deed, . . that said judgment be decreed a special lien on said described lands as of December 1, 1922, and that an execution in rem against said lands for said amounts be issued, and that lands be sold under execution for purpose of satisfying same."

The defendants interposed a demurrer complaining that the amendment, if allowed, would make the suit multifarious, for the reason that it would embody an action on three separate and distinct instruments all in one count; because it undertook to set out three separate and distinct causes of action in one count, to wit: a suit on a note, a suit on extension agreement, and a suit on a security deed, and the same was a misjoinder of causes of action; because it attempted to engraft an equitable cause of action onto a common-law cause of action without setting out any grounds therefor and without setting out any equitable ground for relief sought; and because it undertook to circumvent the demurrers and plea with reference to the exemption by an administrator from suit for a period of 12 months. All of the grounds of the demurrer were but amplifications of these grounds. The demurrer was overruled and the defendants excepted.

The defendant in error, after the allowance of the amendment to its original petition, made a motion to strike the plea in abatement, on the ground that the plea was insufficient in law and that the facts set out therein showed no reason why the suit as amended should be abated. The court overruled this motion to strike, and defendant excepted in a cross-bill of exceptions.

There can be no question that the demurrer or plea in abatement to the suit as originally brought, if substantiated by the facts, would be valid. Does the fact that the amendment waives any right to a personal judgment against the defendant relieve it from

its character as an action for debt, when it is asked that the land described be subjected to the lien of the security deed and sold under a fi. fa. issued against the land alone, but for the amount of the indebtedness, as shown by the note? It is true that the exemption as to administrators from suit for a period of twelve months subsequent to their qualification does not apply to suits for injunction and garnishment proceedings (*Lapp* v. *McArdle,* 41 *Ga.* 628), nor to a suit to cancel a deed, it not being a suit to recover a debt (*Lanfair* v. *Thompson,* 112 *Ga.* 487), nor does it apply to a suit on a contract for specific performance (*Redford* v. *Lloyd,* 147 *Ga.* 145), nor does it apply to a suit in trover for an article where damages are waived (*Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826), nor does it apply in case of the exercise of the power of sale given in a security deed, such a proceeding being no suit at all. *Roland* v. *Coleman,* 76 *Ga.* 652. What distinction, if any, then, is there between an exercise of the power of sale contained in such deed and a suit of the present character which only asks that a judgment be obtained for the purpose of subjecting the property, the title to which is already in the plaintiff, to a sale under an execution for the purpose of paying the amount of the plaintiff's claim? Is there any difference between the present action and an equitable foreclosure? It is true that where the power of sale is exercised the grantor in the deed may refuse to surrender possession, and the grantee, or the purchaser at the sale by the grantee, may be compelled to bring an action in ejectment to get possession of the premises after the sale. Suing on the note to a general judgment and a levy thereunder by the sheriff will give to the purchaser at such a sale possession of the property at the time of the completion of the sale. The same result will follow a sale under an equitable foreclosure. As was said in *Alley* v. *First Nat. Bank of Gainesville,* 46 *Ga. App.* 527, a special lien set up in the judgment and execution does not lend any additional force to that already present, except to be declaratory of the rights already existent and operate as a lis pendens without the necessity for aliunde proof. "A suit in trover filed May 2, 1919, to recover an adding machine of the alleged value of $310 and of the yearly [rental] value of $100, accompanied by an affidavit for bail, was brought against the administrator of an estate within twelve months of his appointment as administrator. The defendant filed

a plea denying the title to the property was in the plaintiff, and pleading specially that he was named administrator . . [within twelve months of the filing of the suit], and that . . he was exempt by law from being sued, and prayed to be discharged. Upon the hearing of the suit the plaintiff, by leave of the court, amended its petition by striking therefrom its claim for hire or yearly value of the property, and elected to take a verdict for the property itself." The Supreme Court held that under the above circumstances the exemption from suit provided for in § 4015 of the Civil Code (1910) did not apply. *Adder Machine Co.* v. *Hawes,* supra.

Since the plaintiff in the present case does not attempt to assert his claim for a debt against the estate of the deceased, but limits his claim to its assertion against the property by which it is secured and whose legal title to which is already in the plaintiff, we do not think that the defendant may complain as to such a course. The plaintiff asks less, and not more; he asks for the same thing prayed for in the original action, a special lien against the land; he waives the right to a general verdict creating or asserting a debt against the estate. "The rule generally adopted by courts, in construing statutes which give such an exemption from suit, is that where the suit does not seek to fix or establish a liability against the estate, it does not come within the statute." *Lester* v. *Stephens,* 113 *Ga.* 495. The action as originally brought was a suit on a note. The note was payable on its face to a person other than the plaintiff or its testate. The petition contains allegations setting up facts which, if they are sustained by the proof, will show that the legal as well as the equitable title to the note and deed are in the plaintiff. The fact that no order from the bankrupt court is attached to the conveyance by the trustee to the plaintiff may be a valid objection when such instrument is tendered in evidence, but the allegation is good as against demurrer.

The suit as amended was still a suit on the note, but with a waiver on the part of the plaintiff to any rights thereunder except as such rights might be protected by the security deed to the land whose consideration was evidenced by the note. Such a procedure as in the present case may be novel, but when considered it is found not to introduce any new parties or cause of action. The plaintiff asks less and not more by his amendment. He asks in the

amendment, as in the original suit, that the judgment be declared a special lien on the land. In ordinary actions a sale is had under a general judgment in personam, which judgment carries with it the special lien. The defendant is not injured where the plaintiff waives such personal judgment and asks that a lien which he already has be executed by a sale. The fact that the action in effect becomes an equitable foreclosure does not harm the defendant, and the court did not err in allowing the amendment and overruling the demurrer thereto. With such amendment in, it was error to refuse to strike the plea in abatement.

*Judgment affirmed on the main bill of exceptions; and reversed on the cross-bill. Broyles, C. J., and MacIntyre, J., concur.*