## 24768. ATKINSON, administratrix, v. UNIVERSAL CREDIT COMPANY.

SUTTON, J. The Universal Credit Company instituted trover against Mrs. Sallie Claire Atkinson, administratrix of C. B. Atkinson, deceased, setting up that the defendant had possession of an automobile truck the title to which was in it, and that it expressly waived hire and elected to take the property. The defendant answered setting up that she had not been appointed and qualified as such administratrix for 12 months, that the automobile was purchased by her intestate from an automobile dealer, and that the contract of purchase was void because the year in which it was manufactured was misrepresented to her intestate, and relying upon such statement he agreed to purchase the same. At the trial

term the plaintiff moved to strike from the plea and answer the allegations setting up that the contract was void because of such fraud, and the trial judge sustained its motion and struck this part of the plea and answer. A final judgment was then rendered in plaintiff's favor. The defendant excepted. *Held:*

1. "An action in trover against an administrator, wherein a recovery for the hire and value of the property involved is expressly waived, and recovery of the property itself is sought, is not covered by the Civil Code (1910), § 4015, providing that no suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification." *Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826 (111 S. E. 188), s. c. 28 *Ga. App.* 480 (111 S. E. 746).

2. The trial judge did not err in sustaining the motion to dismiss that part of the plea and answer setting up fraud, upon the ground that the motion came too late at the trial term, but should have been interposed at the appearance term. A motion to strike a plea and answer upon the ground that it sets forth no defense is in the nature of a general demurrer, and can be interposed at any time before verdict. *Neimeyer* v. *Dougan,* 31 *Ga. App.* 99 (119 S. E. 544) ; *Robbins* v. *Calhoun National Bank,* 46 *Ga. App.* 489 (168 S. E. 116).

3. A plea to an action in trover, where the only judgment sought is for recovery of the automobile claimed, setting up that the automobile was purchased by defendant's intestate from plaintiff's assignor, that such assignor misrepresented the year in which the automobile was manufactured, that her intestate, relying upon this representation, agreed to purchase such automobile, that upon discovery of the misrepresentation her intestate rescinded the trade and offered the automobile back to the assignor and to the plaintiff, which offer was refused, that the plaintiff was fully aware of the fraud which had been perpetrated upon her intestate, and that by reason thereof such contract of purchase was void, without alleging any damage or injury to the defendant's intestate, or that the claimed misrepresentation was material, or that the automobile truck delivered under the contract was of less value than the one defendant claimed was purchased, or asking for a return of the portion of the purchase-price paid, or without pleading total or partial failure of consideration and seeking to recoup or set off any damages, was insufficient, and it was not error for the court to strike this portion of the plea on motion or general demurrer at the trial term on the ground that it did not set up any defense. See *Floyd* v. *Boss,* 174 *Ga.* 544 (163 S. E. 606) ; *Colson* v. *Ellis,* 40 *Ga. App.* 768 (9-11) (151 S. E. 654); *Snellgrove* v. *Dingelhoef,* 25 *Ga. App.* 334 (103 S. E. 418) ; *Rogers* v. *Otto Gas-Engine Works,* 7 *Ga. App.* 587 (67 S. E. 700) ; *City of Jeffersonville* v. *Cotton States Belting &c. Co.,* 30 *Ga. App.* 470 (2) (118 S. E. 442) ; *Finance Co.* v. *Jones,* 33 *Ga. App.* 94 (125 S. E. 510).

4. Applying the above rulings, the judge did not err in entering up judgment in favor of the plaintiff for the recovery of the automobile sued for.   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 13, 1935.

*D. W. Krauss, W. C. Little,* for plaintiff in error.
*Reese, Scarlett, Bennet & Highsmith,* contra.