31517.   COMMERCIAL BANK *v*. PHARR, administrator, *et al.*

DECIDED JULY 3, 1947.

*W. W. Armistead, Clement E. Sutton,* for plaintiff.
*Carroll D. Colley,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ▮ Section 113-1526 of the Code providing that no suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of 12 months from his qualification does not apply in a trover action wherein recovery for hire and value of the property involved is expressly waived, and recovery of the property itself is sought within 12 months. *Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826 (supra); *Atkinson* v. *Universal Credit Co.,* 51 *Ga. App.* 517 (supra).

The plea of the defendants invoking this statute seems to have been abandoned by them upon the allowance of the plaintiff's amendment waiving recovery for hire and value and electing a verdict for the property itself.

▮ In an action of trover the issue is one of title. *Berry* v. *Jackson,* 115 *Ga.* 196 (supra). A bill of sale of personalty to secure the payment of a debt is a conveyance passing the title until the payment of the debt, and trover may be based thereon. *Watts* v. *Wight Investment Co.,* 25 *Ga. App.* 291 (supra).

▮ When the plaintiff in a trover action, having elected to take a verdict for the property, waiving verdict for the value and hire thereof, offers evidence tending to prove its title, the conversion of the property by the defendant, its demand therefor and refusal to deliver before institution of suit, makes out a prima facie case. *Pryor* v. *Brady,* 115 *Ga.* 850 (supra); *While* v. *White,* 71 *Ga.* 670(2) (supra); *Legere* v. *Blakely Gin Co.,* 11 *Ga. App.* 327 (supra).

In the instant case in order to show title, the plaintiff introduced its bills of sale to secure debt, duly recorded in the office of the clerk of the Superior Court of Oglethorpe County, purporting to convey to it the property that is the subject-matter of the suit. Demand and refusal were stipulated. On the subject of conversion, it is an essential element in a trover action; and there is ample evidence in the record to have established the same as to the defendant, R. E. Edwards, but there is no evidence in the record to support a verdict finding that the defendant, R. H. Pharr, converted the property. Counsel for the plaintiff in error in their brief cite many authorities to the effect that proof of conversion as to this defendant is not an essential requisite to the plaintiff's case. Their position seems to be based on theories as follows:

(a) The provision of the Code, § 107-101 to the effect that it shall not be necessary to prove any conversion of property when defendant is in possession when the action is brought. (b) The giving of statutory bond for the forthcoming of the property as provided by the Code, § 107-202, amounts to a conclusive admission of possession.

The record disclosed that R. E. Edwards took possession of the property about February 15, 1946. R. H. Pharr qualified as administrator of the estate of J. R. Caldwell on May 9, 1946. The suit was filed May 10, 1946. There is no evidence in the record which would authorize a jury to find that the defendant, R. H. Pharr, ever had possession of the property either as administrator or otherwise at the time the action was brought or at any other time. We have carefully examined the authorities cited in the brief for plaintiff in error. They all either provide that conversion must be proved or possession in the defendant shown when action is brought. Nor can we agree that stipulation of demand and refusal obviates the necessity for proving conversion. *Seago* v. *Pomeroy,* 46 *Ga.* 227. Proof of demand and refusal is only required as evidence of conversion and where conversion is shown by other evidence such proof is not essential. In the instant case demand and refusal is stipulated. This is the equivalent of proof but only amounts to a circumstance tending to show conversion. As to the defendant, R. H. Pharr, the positive evidence negatives conversion. It is incumbent upon the plaintiff in a trover action to either prove conversion of the property or show it in possession of the defendant when action is brought. *Gatlin* v. *Mathews,* 16 *Ga. App.* 645(3) (85 S. E. 953).

Next we will consider whether the giving of a statutory bond amounts to a conclusive admission of conversion or possession as required to maintain a trover action. In *Farmers Alliance Warehouse &c. Co.* v. *McElhannon,* 98 *Ga.* 394 (25 S. E. 558), cited in the brief of the plaintiff in error, it is held: "By giving bond for the forthcoming of the money, the defendant admitted that he had in his possession money answering to the description." In *Bell* v. *Ober,* 111 *Ga.* 668 (36 S. E. 904), cited in the briefs of counsel for both sides, it is held: "The execution of a recognizance payable to the plaintiff for the forthcoming of personal property, where bail has been required in an action of trover, does not estop

the defendant from denying that he ever was in possession of the property to recover which the suit was instituted."

The petition in the instant case charged possession of the property in both the defendants. The answer of the defendants denied it making such possession an issue of fact. Construing the two foregoing Supreme Court decisions together we conclude that while the giving of such bond amounts to an admission that the defendant has in his possession property answering to the description, he is not estopped to deny such possession and when so denied proof thereof is required. As heretofore pointed out all the evidence in the record touching on the question of possession of the property shows it never to have been in the possession of R. H. Pharr.

■ The evidence demanded a verdict in favor of the defendant, R. H. Pharr, and therefore the general grounds of the motion for new trial are without merit as to him. Considering the first assignment of error as disclosed by the amended motion for new trial and since the evidence demanded finding in favor of the defendant, R. H. Pharr, the failure of the court to charge the jury in the language requested is obviously not error nor was that part of the charge given by the court in any way hurtful to the plaintiff in error. The remaining assignments of error with reference to the defendant, R. H. Pharr, are likewise without merit.

■ This brings us to the crux of this case. The plaintiff in error claims title to the property by reason of two bills of sale to secure debt purporting to convey to it the property which is the subject-matter of this litigation. The first of these bills of sale purporting to convey title to plaintiff in error to the mules is dated Oct. 15, 1945. The second of said bills of sale purporting to convey to the plaintiff in error title to the truck is dated Oct. 29, 1945. Both are duly recorded in the office of the clerk of the Superior Court of Oglethorpe County. The defendant in error, R. E. Edwards claims title to the property by virtue of bill of sale purporting to convey title to said property to him, dated December 1, 1945, and duly recorded in the office of the clerk of the Superior Court of Wilkes County.

Section 67-1305 of the Code provides as follows: "Every deed to secure debt shall be recorded in the county where the land conveyed lies; every bill of sale to secure debt, in.the county where

the maker resided at the time of its execution, if a resident of this State; and if a non-resident, then in the county where the personalty conveyed is. Deeds or bills of sale not recorded remain valid against the persons executing them. The effect of failure to record such deeds and bills of sale shall be the same as is the effect of failure to record a deed of bargain and sale."

It will be noted that the last sentence of this section states that the effect of failure to record such deeds and bills of sale shall be the same as shall be the effect of failure to record a deed of bargain and sale. The effect of this latter failure is provided in the Code, § 29-401, as follows: "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first."

In the instant case Mr. Caldwell was at the time of the execution of all the bills of sale to secure debt relied upon by both plaintiff and defendant, a resident of the State of Georgia. He was a resident of either Oglethorpe County or Wilkes County. If a resident of Oglethorpe County the record of defendant Edwards' bill of sale in Wilkes County was in an improper office. If a resident of Wilkes County, the record of plaintiff's bill of sale to secure debt in Oglethorpe County was in an improper office.

Section 67-111 of the Code provides in part as follows: "A mortgage recorded in an improper office . . shall not be held notice to subsequent bona fide purchasers or holders of younger liens." Construing § 67-111, just quoted in part, with § 67-1305, the recording of the bills of sale in a court other than in the residence of the maker at the time of its execution is equivalent to no record. It will remain valid against persons executing it, but will be postponed to all liens, created or obtained or purchased, made prior to legal record thereof. *First National Bank* v. *State Mutual Life Ins. Co.*, 163 *Ga.* 721 (137 S. E. 53, 51 A. L. R. 1524). It therefore follows that as between the plaintiff in error and the defendant in error, R. E. Edwards, this case turns upon whether J. R. Caldwell was a resident of Oglethorpe County on the dates he executed the bills of sale to secure debt relied upon by the plaintiff in error and duly recorded in that county or whether he was a resident

of Wilkes County on the date he executed the bills of sale to secure debt to Edwards, relied upon by him and duly recorded in Wilkes County.

Section 67-1305 of the Code, providing for the registration of bills of sale to secure debt, employs the word *resided* in connection with that part of the section providing that said bill of sale shall be recorded in the county where the maker resides at the time of its execution. In *Avery* v. *Bower,* 170 *Ga.* 202, 204 (152 S. E. 239), the following is held: " 'Residence' and 'domicile' are not synonymous and convertible terms. A man may have many residences and only one place of domicile. There must be a concurrence of actual residence and the intention to remain to acquire a domicile. *Worsham* v. *Ligon,* 144 *Ga.* 711 (87 S. E. 1025)." ·

"A residence is different from a domicile, although it is a matter of great importance in determining the place of domicile. The essential distinction between residence and domicile is that the first involves the intent to leave when the purpose for which one has taken up his abode ceases. The other has no such intent; the abiding is animo manendi. One may seek a place for the purposes of pleasure, of business, or of health. If his intent be to remain, it becomes his domicile; if his intent be to leave as soon as his purpose is accomplished, it is his residence." 3 Bouvier's Law Dictionary, p. 2920.

The facts in this case are set forth in such detail as to afford ample opportunity to thoroughly examine them. Such an examination will disclose that the evidence offered by the plaintiff in error, nothing else appearing, would establish the *domicile* of the maker of the bills of sale as being in Oglethorpe County. On the other hand the evidence offered by the defendant in error, nothing else appearing, would establish with equal force the *residence* of such maker on the same dates as being in Wilkes County. A further examination of the statement of facts will disclose that the evidence introduced by the opposing parties in this case on this subject is without conflict, each presenting a separate and distinct set of circumstances, the one not inconsistent with the other and each entirely consistent with the two respective opposing conclusions sought to be established.

Although the rule is well settled in this State that domicile or residence is one of fact for the jury in cases where the evidence is in conflict *(Mayo v. Ivan Allen-Marshall Co., 51 Ga. App. 250, 180 S. E. 20)*, on the other hand, where the evidence is not in conflict, we are of the opinion that this is a question of law for this court. In *Forlaw v. Augusta Naval Stores Co., 124 Ga. 261* (52 S. E. 898), the following is held: " 'The existence or non-existence of a domicile in a given locality, where the facts are conflicting, is a mixed question of law and fact. So far as it involves questions of fact, including the ascertainment of the intention of the party, it is solely within the province of the jury, whose determination is conclusive, unless the verdict is set aside as having been against the evidence. . . And generally speaking, the question of what should be considered the domicile of a party is in all cases rather a question of fact than of law.' From 9 Cyc. 865." However, even if a question of fact for the jury, the evidence is ample for the jury to have found the *domicile* of the maker of the bills of sale to be in Oglethorpe County and his *residence* in Wilkes County on the dates of the execution of said instruments. "The lien laws are in derogation of the common law and are to be strictly construed. One who claims a lien must bring himself clearly within the law." *Vandalsem v. Caldwell, 33 Ga. App. 88 (125 S. E. 716)*. The statute (Code, § 67-1305) providing for such recording, in the county where the maker *resided* at the time of the execution of such instruments, and the law drawing a clear distinction between *residence* and *domicile* we are of the opinion that on the dates of the execution of the bills of sale the residence of J. R. Caldwell was in Wilkes County, and that the recording of the bill of sale of R. E. Edwards therein gave him superior title.

The court did not err in overruling the motion for new trial upon any of the grounds assigned.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*