34293. BYRD *v.* RIGGS, administrator.

DECIDED OCTOBER 16, 1952.

8

B. H. Ramsey Sr., W. G. Neville, Wm. J. Neville, J. P. Dukes, W. Roscoff Deal, for plaintiff in error.

Fred T. Lanier, Robert S. Lanier, George M. Johnston, contra.

GARDNER, P. J. ■ (a) A motion is made to dismiss the

bill of exceptions in that the judgment of July 26, 1952, was a final judgment and that judgment not being excepted to, the bill of exceptions should be dismissed. It appeared from this order that the plaintiff was given until July 28, 1952, to offer an amendment, which she did. Had the plaintiff not offered this amendment, the judgment of July 26, 1952, would have been a final disposition of the case, but when the plaintiff complied with the order and offered the amendment, which the court allowed, subject to objection, further action by the court was necessary. When the amendment was so allowed and the defendant filed his general demurrer to the petition, as thus amended, the trial judge rendered judgment thereon, sustaining this demurrer and dismissing the plaintiff's petition. This was the final judgment in this case, and was properly excepted to as such. See *Lane* v. *Murray Company*, 63 *Ga. App.* 844 (12 S. E. 2d, 492), and cit.; *McConnell* v. *Frank E. Block Co.*, 26 *Ga. App.* 550 (106 S. E. 617), and cit.

(*b*) The supplement to the motion to dismiss setting up that there is no exception to a final judgment, in that the exception is to the order sustaining the general demurrer to the petition, as amended, is not meritorious. The principle that an assignment of error to an order sustaining a general demurrer to and dismissing the defendant's answer as amended is not an exception to a final judgment and disposition of the case, is not applicable where the exception is, as here, to the sustaining of a general demurrer to the plaintiff's petition, as amended. The motion to dismiss the bill of exceptions is denied.

■ The plaintiff, in a proper case, may institute an action of trover against an administrator, where he wrongfully withholds property belonging to the plaintiff, before the expiration of twelve months. See *Adder Machine Co.* v. *Hawes*, 152 *Ga.* 826 (111 S. E. 188); s. c., 28 *Ga. App.* 480 (111 S. E. 746); *Atkinson* v. *Universal Credit Co.*, 51 *Ga. App.* 517 (180 S. E. 926); *Commercial Bank of Crawford* v. *Pharr*, 75 *Ga. App.* 364 (43 S. E. 2d, 439).

However, where a plaintiff not only seeks to recover certain personalty as belonging to her and of which the deceased had possession when she died, but seeks in the trover action to recover a money judgment against the defendant, as adminis-

trator, for hire for the use of the personal property sought, the provisions of Code § 113-1526 that "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification . ." become applicable and where such a proceeding is brought within seven days after the appointment and qualification of the defendant as permanent administrator of the estate of the deceased, this appearing from the face of the petition in trover, as amended, the trial court properly dismissed the same. In the present case, the plaintiff seeks to recover $2000 against the defendant as the administrator of the estate of Mrs. Ida Byrd, deceased, for the use of the personalty since the date of his decedent's death. This constitutes an action to recover a debt against the estate of the decedent. The principle announced by the above cases, wherein the plaintiff waived any right to recover a money judgment or for hire and sought merely to recover possession of the specific personal property claimed, is not applicable here.

As to personal property wrongfully obtained and retained by a temporary administrator, we see no reason why trover would not lie against him. See *Yeldell* v. *Shinholster*, 15 *Ga.* 189; *Bagley* v. *Robertson*, 57 *Ga.* 148; *Knight* v. *Knight*, 75 *Ga.* 386; Watkins *v.* Madison County Trust & Deposit Co., 24 Fed. 2d, 370; *Chapman* v. *Hamilton National Bank*, 51 *Ga. App.* 74 (179 S. E. 650); Code, § 113-1207.

In the case at bar it was not improper to amend by setting up that such temporary administrator had been appointed the permanent administrator, and proceeding against the permanent administrator in lieu of the temporary administrator. In neither instance was the suit proceeding against individuals, but was proceeding against the temporary and permanent administrators in their respective capacities as to the same subject matter.

It follows that the plaintiff was not entitled to proceed with the present action against the defendant administrator, and that there was no error in dismissing the case, because the same had been instituted before the expiration of twelve months in violation of Code § 113-1526, supra.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*